UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAVIER CRUZ GARCIA,<br><br>                      Petitioner. | Criminal Action No. 3:07-CR-100<br>Civil Action No. 3:13-CV-158 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Javier Cruz Garcia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 29). For the reasons set forth below, the § 2255 Motion is DISMISSED.

### I. BACKGROUND

#### a. *Factual Background*

According to the Statement of Facts (ECF No. 16), on or about February 23, 2007, Petitioner Javier Cruz Garcia ("Garcia" or "Petitioner") did knowingly, intentionally, and unlawfully attempt to possess with the intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, and did possess a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, and being an alien who is illegally and unlawfully in the United States.

Specifically, in February 2007, a package containing 558.5 grams of cocaine hydrochloride was sent via DHL from Mexico to Petitioner's residence in Richmond, Virginia. The package was intercepted in Ohio by United States Customs and Border Protection ("CBP") agents, and an x-ray of the package showed that it contained a sculpture which appeared to be filled with powder. Based upon its origin, as well as its appearance, CBP agents had probable

cause to believe that the package contained cocaine hydrochloride. The package was opened and cocaine hydrochloride was found inside the sculpture.

The sculpture was placed inside a box and it was determined that it would be delivered to Petitioner's residence. On February 23, 2007, an anticipatory search warrant was obtained. The package was equipped with a break-wire, which would activate a beacon signal when opened.

A U.S. Immigration and Customs Enforcement ("ICE") Agent posed as a DHL driver and brought the package to Petitioner's residence. Petitioner answered the door, and accepted the package. Moments later, the break-wire beacon activated, indicating to ICE agents and other law enforcement officers that the package had been opened.

The ICE Agent, still posing as a DHL deliver person, returned to Petitioner's apartment and asked Petitioner to sign for the package. As he was about to sign, Petitioner was placed under arrest, and the search warrant was executed. Upon entering the residence, agents found the opened package, with the sculpture removed. In addition, they recovered an additional 478.8 grams of cocaine hydrochloride, packaging materials, digital scales and a firearm. Petitioner was also in possession of $5,894.00.

### b. *Procedural Background*

On February 26, 2007, Petitioner was charged via Criminal Complaint with attempt to possess with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a). On March 19, 2007, a federal grand jury in the Eastern District of Virginia returned a four-count Indictment against Petitioner alleging: (1) attempt to possess with the intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count one); (2) possession with the intent to distribute a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (Count two); (3) possession of a firearm by a convicted felon and illegal alien, in violation of 18 U.S.C. §§ 922(g)(1) and (5)(A) (Count three); and (4) fraud in connection with identity documents, in violation of 18 U.S.C. § 1028(a)(6) (Count four).

On July 16, 2007, Petitioner pleaded guilty to Counts One and Three of the Indictment.

(ECF No. 15.) On October 16, 2007, this Court sentenced Petitioner to 240 months' imprisonment and four years of supervised release on Count One, and 120 months' imprisonment, to run concurrent to Count One, and three years of supervised release on Count Three, to run concurrent to Count One. Counts Two and Four were dismissed on motion of the Government. Petitioner was represented by Charles Lewis ("Lewis"). Petitioner did not appeal his sentence.

Petitioner filed the present § 2255 Motion on March 12, 2013. In his § 2255 Motion, Petitioner alleges one ground for relief:

> Ground One: The Court incorrectly calculated Petitioner's Criminal History Category by Including a Prior Conviction That Should Not Have Been Counted

The United States filed its response in opposition on April 29, 2013 ("Gov'ts Resp.") (ECF No. 31) arguing that Petitioner's claims are barred by the statute of limitations, and provided Petitioner with *Roseboro* notice (ECF No. 32). Petitioner did not file a reply, and his time for doing so has long passed. (*See* ECF No. 30.) The issue is now ripe for review.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978). Therefore, the Court generously interprets Garcia's factual allegations and legal contentions.

### III. DISCUSSION

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which: (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In other words, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).

With regards to the first prong of § 2255(f), a conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Here, this Court sentenced and

entered judgment against Petitioner on October 16, 2007. Petitioner had ten days from that date to file a direct appeal. *See* Fed. R. App. P. 4(b)(1) (effective until Dec. 9, 2009); (*see also* Sentencing Minutes, ECF No. 22). Petitioner did not file an appeal. Consequently, his sentence became final on October 26, 2007. *See Clay*, 537 U.S. at 527. He therefore had one year from October 26, 2007 to file his § 2255 Motion. 28 U.S.C. § 2255(f). Petitioner, however, did not file his instant Motion until March 12, 2013[1]–almost five years after the one-year statute of limitations had run. As a result, the present § 2255 Motion is certainly time-barred under the first prong of § 2255(f).

Petitioner is also not entitled to equitable tolling of the limitations period. Petitioner argues that he attempted to obtain a copy of his presentence investigation report ("PSR") from the Bureau of Prisons but to no avail. (§ 2255 Mot. at 13.) However, as the Government notes, "Petitioner obviously received a copy of the presentence report in advance of his sentencing hearing, and raised no objections to it." (Gov'ts Resp. at 6.) Furthermore, Petitioner has not demonstrated due diligence in seeking a copy of the PSR. For those reasons, he fails to adequately argue equitable tolling. *See Holland*, 560 U.S. at 649.

Petitioner also contends that his Motion is timely pursuant to 28 U.S.C. § 2255(f)(4). (§ 2255 Mot. at 13.) This fourth prong of § 2255(f) requires a petitioner to show that he exercised due diligence. Due diligence is a fact-specific inquiry, and requires a petitioner to "make *reasonable* efforts to discover the facts supporting his claims." *United States v. Carter*, No. 3:07cr230-HEH, 2013 WL 394717, at *4 (E.D. Va. Jan. 31, 2013) (citation and internal quotation marks omitted).

Petitioner fails to provide any specific evidence reflecting that he diligently pursued a copy of his PSR. Rather he only includes conclusory allegations that he made "numerous attempts" to obtain the desired information, but without knowing his case number, the clerk of

---

[1] Petitioner mailed his § 2255 Motion on March 6, 2013, and thus the Motion will be deemed filed as of that date. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding an inmate's document is deemed filed as of the date it is deposited in the prison mailing system). However, this earlier date still does not come close to satisfying the statute of limitations.

court was unable to locate it. (§ 2255 Mot. at 13; Mem. in Supp. of § 2255 Mot. at 2–3.) Petitioner fails to provide any specific evidence reflecting that he diligently pursued the information he sought. Moreover, as the Government suggests, Petitioner could have easily contacted the court and requested a copy of his conviction order, (Gov'ts Resp. at 6), or he could have contacted his counsel to obtain the case number. Thus, Petitioner's § 2255 Motion is barred by the statute of limitations.

Even if Petitioner's claim was not barred, his claim is meritless. Petitioner alleges that his August 15, 2007 driving offense listed in his PSR is "non-existent" as he was incarcerated in this case on that date. (§ 2255 Mot. at 5.) First, Petitioner appears to be confused about the date of the offense. The driving conviction shows that the Petitioner was stopped and arrested on April 8, 2006. (Gov'ts Resp., Ex. 1.) He was then found guilty of the driving offense on July 27, 2006, after entering a plea of guilty. (*See id.*) He was not arrested and brought into federal custody on drug trafficking and firearms charges until February 23, 2007. (*See* Docket Entry of Feb. 23, 2007.) Thus, Petitioner's claim that he was incarcerated in the instant case on the day he was arrested for the driving offense is simply incorrect.

Finally, to the extent Petitioner alleges ineffective assistance of counsel for failing to object to the driving offense being used in his Criminal History Category calculation, (*see* § 2255 Mot. at 5), that claim also fails. To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The

second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. As described above, Petitioner's claim regarding his driving offense is meritless, and thus any objection made by counsel would have been frivolous. "Because it is not ineffective assistance when counsel fails to make a frivolous objection," *Canda v. United States*, No. 1:07cr356, 2010 WL 722770, at *4 (E.D. Va. Feb. 26, 2010), Petitioner's claim must be denied.

IV. <u>**CERTIFICATE OF APPEALABILITY**</u>

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Garcia is entitled to further consideration of his claims. Accordingly, a certificate of appealability is DENIED.

V. <u>**CONCLUSION**</u>

For the foregoing reasons, the Court hereby DISMISSES the § 2255 Motion as untimely and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

//

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this  7th  day of July 2015.