IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                          **Criminal Case No. 3:07cr100**

**JAVIER CRUZ GARCIA,**

**Defendant.**

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Javier Cruz Garcia's *pro se* Renewed Motion for a Reduction of Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines (the "Renewed Motion for Sentence Reduction" or "Motion"). (ECF No. 59.) The United States responded in opposition the Motion, (ECF No. 64), and Mr. Cruz Garcia replied, (ECF No. 67).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court hereby DENIES the Renewed Motion for Sentence Reduction. (ECF No. 59.)

### I. Background

On March 19, 2007, Mr. Cruz Garcia was charged in a four-count indictment containing the following counts: (1) Attempt to Possess with Intent to Distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 (Count I); Possess with the Intent to Distribute Cocaine Hydrochloride in violation of 21 U.S.C. § 841(a)(1) (Count II); Possession of a Firearm by a Convicted Felon/Illegal Alien in violation of 18 U.S.C. § 922(g)(1) and (5)(A) (Count III); and Fraud in Connection with Identification Documents in violation of 18 U.S.C. § 1028(a)(6)

(Count IV). (ECF No. 8; ECF No. 61, Presentence Investigation Report, hereinafter "PSR", at 3.) On July 16, 2007, Mr. Cruz Garcia entered into a written plea agreement with the United States in which he plead guilty to Counts One and Three of the Indictment. (ECF No. 15; ECF No. 61, at 1.) The Plea Agreement, (ECF No. 15), the Statement of Facts, (ECF No. 16), and Mr. Cruz Garcia's PSR, (ECF No. 61), describe the conduct in Mr. Cruz Garcia's underlying offenses.

In February 2007, United States Customs and Border Protection ("CBP") agents intercepted a package sent from Mexico to Mr. Cruz Garcia's residence in Richmond, Virginia. (ECF No. 61 ¶ 18.) The package contained 558.5 grams of cocaine hydrochloride. (ECF No. 61 ¶ 18.) On February 23, 2007, law enforcement obtained an anticipatory search warrant. (ECF No. 61 ¶ 18.) A United States Immigration and Customs Enforcement ("ICE") agent, posing as a delivery driver, delivered the package to Mr. Cruz Garcia's residence. (ECF No. 61 ¶ 18.) Mr. Cruz Garcia accepted the package, brought it inside his residence, and opened it. (ECF No. 61 ¶ 18.) The ICE agent returned to Mr. Cruz Garcia's residence, and law enforcement arrested Mr. Cruz Garcia and executed the search warrant. (ECF No. 61 ¶ 18.) During their search of Mr. Cruz Garcia's residence, law enforcement discovered an additional 478.8 grams of cocaine hydrochloride, drug paraphernalia, and a firearm. (ECF No. 61 ¶ 18.) Law enforcement also found an additional quantity of cocaine hydrochloride and $5,894.00 on Mr. Cruz Garcia's person. (ECF No. 61 ¶ 18.)

Prior to sentencing, the probation officer prepared the PSR for Mr. Cruz Garcia. (ECF No. 61.) According to the law at the time, Mr. Cruz Garcia had a Total Offense Level of 33. (*See* ECF No. 61, at 17; ECF No. 62, at 1.) He also had 11 criminal history points, which correlated to a Criminal History Category of V. (*See* ECF No. 61, at 24.) This resulted in a

Sentencing Guidelines range of 210–262 months for Count One, and a restricted Sentencing Guidelines range of 120 months for Count Three. (ECF No. 61, at 25.)

On October 16, 2007, the Court sentenced Mr. Cruz Garcia to 240 months' imprisonment for Count One, with credit for time incarcerated on this charge, and 120 months' imprisonment for Count Three, to run concurrently with Count One. (ECF No. 24.) At sentencing, the United States moved to dismiss Counts Two and Fourt of the indictment, which the Court granted. (ECF No. 24.) Mr. Cruz Garcia is currently housed at Williamsburg FCI in Salters, South Carolina. *See Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 30, 2024); *FCI Williamsburg*, BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/wil/ (last visited May 30, 2024). The Bureau of Prisons ("BOP") lists Mr. Cruz Garcia's release date as June 21, 2026. *See Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

## II. Sentence Reduction Under Amendment 782

On November 1, 2014, amendments to the advisory United States Sentencing Guidelines took effect. In relevant part, Amendment 782 "revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in §2D1.1 (Unlawful Manufacturing, Importing, Exporting or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) incorporate the statutory mandatory minimum penalties for such offenses." U.S. Sentencing Comm'n, *Amendment 782* (November 14, 2014).[1] "On July 18, 2014, the Commission voted to give retroactive effect to Amendment 782 beginning on the effective date of the amendment." U.S. Sentencing

---

[1] This document is available at https://www.ussc.gov/guidelines/amendment/782#:~:text=Reason%20for%20Amendment%3A%20This%20amendment,Quantity%20Table%20in%20%C2%A72D1 (last visited May 30, 2024).

3

Comm'n., *U.S. Sentencing Commission 2014 Drug Guidelines Amendment Retroactivity Data Report* (March 2020).[2]

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). When deciding if a sentence reduction is appropriate, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Id.* at 826. U.S.S.G. § 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (alteration in original).

After determining that a sentence reduction is available, the court must consider the § 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *Dillon*, 560 U.S. at 827. The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed . . . to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect from the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

---

[2] This document is available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/drug-guidelines-amendment/20200324-Drug-Retro-Analysis.pdf (last visited May 30, 2024).

4

### III. Analysis

After due consideration, the Court will deny the Renewed Motion for Sentence Reduction. (ECF No. 59.) Mr. Cruz Garcia contends, and the United States does not dispute, that Amendment 782 reduces his Total Offense Level to 31[3] which, with Mr. Cruz Garcia's Criminal History Category of V, results in an advisory guideline range of 168–210 months' imprisonment. (ECF No. 59, at 2; ECF No. 63, at 4.) Although this Court has the discretion to reduce Mr. Cruz Garcia's 240 month-sentence on Count One, the applicable § 3553(a) factors do not support a sentence reduction.

**A.  The § 3553(a) Factors Do Not Support a Reduction in Mr. Cruz Garcia's Sentence**

Although the parties agree that Amendment 782 applies, they dispute whether the Court should reduce Mr. Cruz Garcia's sentence. On March 2, 2015, Mr. Cruz Garcia filed his first Motion for Reduction in Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2) (the "First Motion for Reduction in Sentence"). (ECF No. 37.) On June 14, 2016, this Court denied the First Motion for Reduction in Sentence due to Mr. Cruz Garcia's post-sentencing conduct. (ECF No. 46, at 2.) Specifically, the Court noted in its June 14, 2016 denial that Mr. Cruz Garcia had "committed fifteen infractions" while imprisoned, "including fighting with another person, assaulting without serious injury, possessing drugs/alcohol, phone abuse, disrupt monitoring,

---

[3] The United States Probation Office provides in the PSR and the Drug Guidelines Amendment Application Worksheet that Mr. Cruz Garcia's original Total Offense Level was 33. (ECF No. 61, at 17; ECF No. 62, at 1.) The United States asserts that Mr. Cruz Garcia's original Total Offense Level was 34. (ECF No. 63, at 4.) Mr. Cruz Garcia's Renewed Motion and his Reply are silent regarding his initial Total Offense Level. (*See generally* ECF Nos. 59, 67.) Mr. Cruz Garcia, the United States, and the United States Probation Office all agree, however, that Amendment 782 reduces Mr. Cruz Garcia's Total Offense Level to 31, resulting in a guideline range of 168-210 months' imprisonment. (ECF No. 59, at 2; ECF No. 64, at 4; ECF No. 62, at 1.) Thus, the Court deems the discrepancy immaterial.

5

lying or falsifying statement, being in an unauthorized area, refusing to obey an order[,] and possessing a dangerous weapon." (ECF No. 46, at 2.) Mr. Cruz Garcia acknowledges this prior denial, suggesting that he has now "maintained a clear record" and asking the Court to "consider [his] changed behavior" and reduce his 240-month sentence by 30 months. (ECF No. 59, at 2–3; ECF No. 59-1, at 2.) This reduction would result in a 210-month sentence, which falls at the upper end of the revised advisory guideline range of 168–210 months' imprisonment. In support of this request, Mr. Cruz Garcia attaches eighteen certificates of completion from various prison education programs taken between 2011 through 2022. (ECF No. 59-1, at 3–20.) He notes that because he will be deported after completing his sentence, he is ineligible to receive "Time Credit incentives" for completing "evidence based recidivism reduction programs." (ECF No. 67, at 2.) He also contends that due to his impending deportation, he will not pose a risk to the public's safety upon release. (*See* ECF No. 67, at 1.)

The United States opposes the Motion, arguing that Mr. Cruz Garcia's disciplinary actions while incarcerated and his violent criminal history do not warrant a reduction in his sentence. (ECF No. 64, at 5.) The United States notes that Mr. Cruz Garcia "was previously convicted of unlawful wounding" after he "pistol whipped and then shot [a] victim who was unable to pay a debt owed to [him]." (ECF No. 64, at 3 (emphasis removed).) Additionally, Mr. Cruz Garcia possessed a shotgun when law enforcement searched his apartment in connection with the instant offense, and at the time of his arrest on the underlying charges, "he also had a pending charge in Richmond, Virginia for assault and battery on a family member." (ECF No. 64, at 3–4.) The United States further states that Mr. Cruz Garcia has incurred eighteen separate

6

infractions while incarcerated, "with his most recent infraction occurring on July 9, 2022." (ECF No. 64, at 4–5.) These infractions include:

> possession of an unauthorized item; possessing a hazardous tool (3x); possessing drugs/alcohol (4x); being absent from assignment (2x); refusing drug/alcohol testing; phone abuse-disrupt monitoring; fighting with another person; assaulting w/o serious injury; possessing a dangerous weapon (2x); lying or falsifying statement; being in an unauthorized area; refusing to obey an order.

(ECF No. 64, at 5.) Additionally, while incarcerated, Mr. Cruz Garcia "was ordered to serve an additional term of 12 months in custody" due to possession of heroin while imprisoned, to run consecutively to the sentence imposed by this Court. (ECF No. 64, at 5.)

After considering the applicable § 3553(a) factors, the Court will deny Mr. Cruz Garcia's motion.[4] On June 14, 2016, this Court denied Mr. Cruz Garcia's First Motion for Sentence Reduction due to post-conviction conduct after Mr. Cruz Garcia incurred fifteen infractions. (ECF No. 46, at 2.) Contrary to his assertion of having maintained a "clean record" between that denial and filing his Renewed Motion on April 24, 2023, Mr. Cruz Garcia incurred six new infractions: "Possessing Unauthorized Item (7/9/22); Possessing a Hazardous Tool (9/10/21); Possessing a Hazardous Tool (4/20/20); Possessing a Hazardous Tool (5/17/19); Assaulting without Serious Injury (4/9/19); Possessing Stolen Property (2/14/18)." (ECF No. 62, at 2.) Although the Court commends Mr. Cruz Garcia for completing eighteen prison education programs between 2011 through 2022, (see ECF No. 59-1, at 3–20), these efforts alone cannot

---

[4] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) his personal history and characteristics; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (6) the applicable guideline sentence; (7) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; and, (8) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7).

justify a sentence reduction in light of Mr. Cruz Garcia's continued pattern of disciplinary infractions—especially where several of these infractions relate to violence or the risk of violence.

Having considered Mr. Cruz Garcia's numerous post-sentencing disciplinary infractions, and in light of the § 3553(a) factors, the Court concludes that a reduction in Mr. Cruz Garcia's sentence is not warranted in this case. *See* 18 U.S.C. §§ 3553(a), 3582(c)(2).

### IV. Conclusion

For the reasons explained above, the Court DENIES Mr. Cruz Garcia's Renewed Motion for Sentence Reduction. (ECF No. 59.)

An appropriate Order shall issue.

Date: 6/5/2024　　　　　　　　　　　　　　　　　　/s/ MHL
Richmond, Virginia　　　　　　　　　　　　　　　M. Hannah Lauck
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge